UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAKE WILLIAMS,<br>TDCJ ID No. 719327, | §<br>§<br>§ | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| v. | §<br>§ | **SA-06-CA-1002-NSN** |
| RAYNALDO CASTRO,<br>THOMAS HINKLE,<br>JUAN NUNEZ,<br>KEVIN SMITH,<br>JOHNNY MARTINEZ,<br>MARY WILLIAMS,<br>BRENDA TORRES,<br>CATHERINE THIEME,<br>VICKIE SMITH,<br>VIRGINIA RIVAS, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Defendants** | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DENYING AS
MOOT MOTIONS TO KNOW DISPOSITION OF CASE**

Before the Court is Defendants' Motion for Summary Judgment (docket entry 55) and

Plaintiff's response thereto (docket entry 57).

**I.**

Plaintiff Williams's 42 U.S.C. § 1983 Civil Rights Complaint and Amended Complaint

allege the following. Plaintiff was in the custody of the Texas Department of Criminal Justice

(TDCJ) Institutional Division's Connally Unit. On September 29, 2005, Plaintiff hit Sergeant

Michael Huser, who is not one of the Defendants in this case. Sergeant Huser fell unconscious to

the floor. When guards arrived, Plaintiff was sprayed with gas and forced to the floor. Plaintiff was

handcuffed and escorted away. Defendant Brenda Torres arrived with a video camera.

Plaintiff is not complaining about the use of force used to restrain him immediately after he hit Sergeant Huser, including the use of chemical spray and his placement in hand restraints. Rather, Plaintiff complains of events following his restraint. Specifically, Plaintiff alleges that after he was restrained and handcuffed, Defendant Kevin Smith hit Plaintiff in the leg with a baton; Defendants Johnny Martinez and Mary Williams slammed Plaintiff to the floor; Defendant Thomas Hinkle kicked the side of Plaintiff's face; Defendants Juan Nunez, Kevin Smith, Martinez, Hinkle, and Williams hit and kicked Plaintiff in the face, head, neck, and body; and Plaintiff was hit two more times with the baton. Plaintiff alleges the assault lasted three to five minutes; Defendant Warden Raynaldo Castro arrived with Warden Bright and either Defendant Castro or Warden Bright, who is not a Defendant, ordered that the videotape be destroyed.

Plaintiff was taken to the Medical Department, where he was seen by Defendant Virginia Rivas. He claims Defendant Catherine Thieme told Rivas not to give Plaintiff any medical treatment. Notably, Plaintiff does not make any factual allegations concerning Defendant Vickie Smith's conduct.

Plaintiff alleges his head and nose were bleeding; his eyes were swollen shut; and his leg, chest, ribs, face, and head were swollen. He seeks damages, injunctive relief, and asks that each Defendant be fired.

I construe Plaintiff's complaint, as amended, as attempting to state a claim under 42 U.S.C. §1983 for a violation of his 8th Amendment rights based on excessive use of force and deliberate indifference to serious medical needs, a conspiracy claim based on a violation 42 U.S.C. §§1983 and 1985, and a state law claim for assault.

Defendants move for summary judgment (Docket Entry # 55) contending (1) Plaintiff has

no cause of action against Defendant Castro because he was not personally involved in the matters about which Plaintiff complains; (2) Plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Defendants are entitled to qualified immunity on the use of force claim, the deliberate indifference claim, the conspiracy claim, the retaliation claim, and the equal protection claim; and (4) Defendants are immune from a suit for damages in their official capacities.

## II.

A party is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(c) where the record shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  When presented with a motion for summary judgment a Plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden.  *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts… . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007).  Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To proceed under § 1983 the Plaintiff must show the violation of his constitutional or other federal rights.  *Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).  The Supreme Court has summarized the standard applicable for analyzing prisoners' Eighth Amendment excessive force claims as follows:

> [W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment] Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
> . . . .
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights . . ."  The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"

*Hudson v. McMillian*, 503 U.S. 1, 7, 9 (1992).

The case and controversy requirement of Article III of the Constitution requires that to establish a federal civil rights claim, the Plaintiff must show an injury attributable to the defendant, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than trivial or *de minimis*. *See Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997).

A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. at 329-336, and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a physician's diagnosis or course of treatment is not a basis for a § 1983 civil rights claim, *see Norton v. Dimazana*, 122 F. 3d 286, 291 (5th Cir. 1997), and likewise "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

To state a retaliation claim, an inmate must invoke a specific constitutional right, the defendant's intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, i.e. "but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

To prevail on an equal protection claim, a Plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment

stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

"In order to prevail on a section 1983 conspiracy claim, a Plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990).  A civil rights conspiracy is only actionable if an actual violation of Section 1983 resulted therefrom.  *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). To prevail on a conspiracy claim based on section 1985 of Title 42, United States Code, Plaintiff must establish a conspiracy, an overt act in furtherance of the conspiracy, a racial or class-based invidious discriminatory animus motivating the conspiracy, and injury or deprivation of a right.  *Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir.1989) (*citing United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

To prevail on a state law claim of assault, Plaintiff must show merely that a person knowingly, intentionally or recklessly caused bodily injury to another." *Thomas v. Holder*, 836 S.W.2d 351, 353 (Tex.App.-Tyler 1992, no writ).

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determination of qualified immunity claims requires a two-step analysis: whether Plaintiff has alleged a violation of a constitutional right and whether the constitutional right allegedly violated was clearly established at the time the events in question occurred.  *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996).  The usual summary judgment burden of proof differs when the qualified immunity defense is raised.  *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir.

2005).   When a public official pleads the affirmative defense of qualified immunity, it is the

Plaintiff's burden to overcome the defense by establishing that the official's alleged conduct violated

clearly established law.  *Id*.  The Plaintiff may not rely on conclusory allegations and assertions.  *Id*.

Instead, the Plaintiff must show genuine issues of material fact about the reasonableness of the

official's alleged conduct.  *Id*.

In an excessive force case, to determine whether defendants' conduct violated the clearly

established rights of the Plaintiff the court examines whether the defendants applied force in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

Specifically, the court examines (1) the extent of the injury suffered; (2) the need for the application

of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably

perceived by the responsible official; and (5) any efforts made to temper the severity of the forceful

response. *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir.1993).  Where defendants applied force

in a good-faith effort to maintain or restore discipline, qualified immunity will bar claims that the

use of force was constitutionally excessive.

### III.

Defendants contend Plaintiff's suit for damages against them in their official capacities is

barred by the Eleventh Amendment.  Because the States enjoy sovereign immunity from suit for

money damages under the Eleventh Amendment, and because a suit against a State official in his

official capacity is in effect a suit against the State the official represents, neither a state nor state

officials sued in their official capacity are "persons" subject to suit under § 1983 when monetary

relief is sought.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10 (1989).

Therefore, Plaintiff has no claim for damages against Defendants in their official capacities.

**IV.**

In a § 1983 civil rights action a Plaintiff must show the defendant was personally involved in the actions Plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F. 2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981).

Plaintiff failed to allege any facts explaining in any way how Defendant Vickie Smith, a nurse, participated in the conduct on which his constitutional or state law claims are based. Thus, Plaintiff has failed to state a claim against Defendant Vickie Smith.[1]

The only conduct which Plaintiff attributes to Defendant Torres involves her videotaping the incident. There is no allegation that her videotaping violated Plaintiff's rights. Torres is also entitled to dismissal of any claim asserted against her.

Plaintiff claims that Defendant Warden Castro is liable because Plaintiff was in Defendant Castro's custody, and because Defendant Castro is charged with responsibility for following a use of force plan and for maintaining records at the prison. (Docket entry 57 at p. 5). These allegations do not establish a violation of constitutional or other actionable rights, and do not demonstrate that Defendant was personally involved so as to establish liability under section 1983. Nor do Plaintiff's allegations against this Defendant establish any other basis of liability. Castro is entitled to summary judgment.

**V.**

---

[1]The Court is empowered to dismiss a claim asserted by a prisoner-plaintiff proceeding in forma pauperis if the Court determines that the allegations fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i)-(ii); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Defendants assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, 512 U.S. at 486-87, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* bars a civil rights action based on unlawful arrest or conviction, or any action that would "necessarily imply the invalidity" of the conviction, until the criminal proceeding has been successfully concluded in favor of the civil rights plaintiff, *i.e.*, the conviction has been overturned or invalidated. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (disciplinary action).

Plaintiff was convicted of assaulting Sergeant Huser and he was subjected to a disciplinary action for that assault. However, it appears that Plaintiff's excessive force claim concerns an incident that took place after that assault, so the claim is not barred by *Heck*. *See Bush v. Strain*, 513 F.3d 492, 497-98 (5th Cir. 2008); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006).

## VI.

The record shows and Plaintiff admits that he struck Sergeant Huser. Plaintiff was aggressive and would not comply with officers' orders, so a chemical agent was used on him and he was restrained. According to the Defendants, Plaintiff was placed in hand restraints and was being led

away.  Defendants Martinez, Williams, and Kevin Smith were among those present.  Plaintiff then used vulgar language and pulled away from Defendant Kevin Smith.  Smith put Plaintiff against a wall and then face down on the floor.  Officer Patierno and Officer Deluna, neither of whom are defendants, assisted Plaintiff to his knees.  When Defendant Torres arrived with the video camera, Plaintiff was getting to his feet with assistance from Patierno and Deluna.  Defendant Torres began videotaping. Defendant Hinkle arrived and took over escorting Plaintiff.  Hinkle told Torres to terminate the videotaping.  Hinkle took Plaintiff to the infirmary, where Plaintiff was examined.

Although Plaintiff's response to the Motion for Summary Judgment is not sworn, Plaintiff's Answers to this Court's Interrogatories are verified under penalty of perjury, pursuant to 28 U.S.C. § 1746.  (Docket Entry No. 9, attachment to Amended Complaint).  Plaintiff's Answers to Interrogatories reiterate his allegations from his Complaint and Amended Complaint.

According to Defendants, Defendant Torres did not arrive with the video camera until the second altercation, the one at issue, ended.  However, Plaintiff asserts there are several videotapes of the incident and the assault by prison guards is shown on videotape that was used in his criminal trial.  He also maintains the Defendants' version of the events is unsupported by the videotapes of the incident.  Defendants have not provided any videotapes of the incident, nor have Defendants provided any affidavit averring that no such videotapes exist.

Defendant's summary judgment evidence includes an affidavit from Dr. Maximiliano J. Herrera, a physician, who reviewed Plaintiff's medical records. (Docket Entry No. 55, Exhibit D). Dr. Herrera avers that on September 29, 2005, Plaintiff was seen at the Connally Unit's infirmary following a use of force.  The nurse and physician assistant examined Plaintiff and found he had "moderate swelling of the soft tissue surrounding his eye (periorbital regions) and small left scleral

(white part of the eye) hemorrhage." No other lesions were found on Plaintiff. X-rays did not show any fractures. Plaintiff was advised to apply ice packs to the swollen areas. Plaintiff was transferred to the McConnell Unit where he also was examined. That examination revealed the same injuries as the Connally Unit examination. Defendants assert any injuries were *de minimis*. *See Siglar v. Hightower*, 112 F. 3d at 193-94 (use of force against prisoner resulting in a sore and bruised ear lasting for three days following scuffle with prison officer was *de minimis* and not a sufficient basis for Eighth Amendment excessive force claim).

In his Answers to this Court's Interrogatories Plaintiff states that his head and nose were bleeding, his eyes were swollen closed, he lost vision, and his leg, chest, ribs, face, and head were swollen. Medical records may rebut an inmate's civil rights allegations. *Gobert v. Caldwell*, 463 F. 3d 339, 347 n.24 (5th Cir. 2006). Plaintiff responds that there are medical files showing his loss of vision due to the assault. He also alleges that the medical records may not be complete and accurate. Here, Defendants have not provided the actual medical records.

Based on Plaintiff's assertion that videotapes and medical records in Defendants' control support his allegations, neither of which have been provided to this Court, and based on Plaintiff's Answers to Interrogatories, I find disputes remain over material issues of fact concerning Plaintiff's claim that Defendants used excessive force after Plaintiff was handcuffed and concerning the defense of qualified immunity; concerning whether Defendants deprived Plaintiff of medical care; the extent of Plaintiff's injuries; and concerning Plaintiff's state law assault claim.

Regarding Plaintiff's retaliation claim, however, Plaintiff fails to invoke a specific constitutional right that he exercised or attempted to exercise, which formed the basis of the retaliation. Plaintiff asserts he was retaliated against because he hit Sergeant Huser. However,

Plaintiff had no constitutional right to assault a prison official.  Accordingly, Plaintiff's retaliation claim is legally frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(b).  Defendants are entitled to summary judgment on  this claim.

Regarding the equal protection claim, Plaintiff merely alleges an equal protection violation without any factual allegation.  His equal protection claim is conclusory and unsubstantiated.  As such, it fails to state a claim and Plaintiff has not met his summary-judgment burden.  *Wilson v. Budney*, 976 F. 2d at 958; *Wesson v. Oglesby*, 910 F. 2d at 281.  Defendants are entitled to summary judgment on  this claim.

Regarding the conspiracy claim, Plaintiff has failed to allege any facts to establish that the alleged conspiracy was class-based so as to support a section 1985 claim, or specific facts that establish an agreement so as to support a conspiracy claim under section 1983.  Summary judgment is granted for Defendants on this claim.

## VII.

Accordingly, Defendants' Motion for Summary Judgment (Docket Entry # 55) is **GRANTED IN PART** such that judgment is entered for Defendants on any claim against them in their official capacities, as well as on the retaliation, equal protection and conspiracy claims. Plaintiff's claims against Defendants Vickie Smith, Torres and Castro are **DISMISSED** for failure to state a claim. Defendant's Motion for Summary Judgment is **DENIED IN PART** as to the remainder of Plaintiff's claims against the remaining Defendants.

Accordingly, the following claims will proceed to trial:

1.      Plaintiff's 8th Amendment claim based on excessive use of force by Defendants Hinkle, Nunez, Martinez, Williams and Kevin Smith,

2.      Plaintiff's 8th Amendment claim based on denial of medical care by Defendants

Thieme and Rivas, and

3.      Plaintiff's state law claim for assault against Defendants Hinkle, Nunez, Martinez,

Williams and Kevin Smith.

Plaintiff's Motions seeking to know the disposition of the Motion for Summary Judgment

(Docket Entry Nos. 59 & 62) are **DENIED** as moot.

**SIGNED** on September 29, 2008.


_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE