# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAKE WILLIAMS, § | | |
| TDCJ ID No. 719327, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| v. § | | |
| § | | SA-06-CA-1002 NN |
| KEVIN SMITH, § | | |
| § | | |
| Defendant. § | | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This order addresses defendant Kevin Smith's motion for summary judgment.[1] Smith asked for summary judgment on the claims remaining in this case: (1) plaintiff Jake Williams's civil rights claim that Smith violated the Eighth Amendment's prohibition against excessive use of force, (2) and Williams's state-law claim for assault.[2] Summary judgment is appropriate on these claims "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]

<u>Excessive Use of Force</u>

Smith argued that he is entitled to qualified immunity on Williams's excessive-use-of-force claim because Williams provided no evidence Smith used excessive force against him.

---

[1] Docket entry # 99.

[2] Williams's other claims were resolved by summary judgment, *see* docket entry # 67, or voluntarily dismissed, *see* docket entry # s 90, 91, 93 & 94.

[3] Fed. R. Civ. P. 56(c).

"Whenever [a] prison official[] [like Smith] stand[s] accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[4] Smith relies on the prison's investigative report indicating Smith escorted Williams out of 7-building and placed Williams on the ground after Williams used vulgar language and pulled away from him. Williams, however, presented summary-judgment evidence raising a fact question about Smith's version of the events. Two witnesses—Williams and inmate Michael Moss—testified in their depositions that Smith tripped Williams, causing him to fall to the floor, and then beat Williams in the head three times with a riot baton.[5] Williams's summary-judgment evidence contradicts Smith's argument that Williams posed a significant threat to escorting staff because it shows Smith was hand-cuffed, in leg restraints and blinded from the prior use of chemical spray.[6] Williams's summary-judgment evidence raises a fact question about whether Smith used an excessive amount of force because the depositions suggest the type of "unnecessary and wanton infliction of pain" that forms the basis of an Eighth Amendment claim.[7]

Smith also argued that he was entitled to summary judgment on the excessive-use-of-force claim because Williams's injury was de minimus. To establish an Eighth Amendment claim for the excessive use of force, an inmate plaintiff must show that his injury was "more than

---

[4]*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

[5]*See* docket entry # 102, exhs. C & D.

[6]*See* docket entry # 102, exh. B, C & D.

[7]*Whitley v. Albers*, 475 U.S. 312, 319 (1986).

de minimus."[8] Smith maintains that Williams's medical records show that his injury was minor. In response, Williams presented summary-judgment evidence showing that (1) blood splatted from his head onto the wall when Smith struck him,[9] (2) swelling and scleral hematoma[10] was present five days after the use of force,[11] and (3) Williams's injuries were serious enough for medical personnel to order X-rays. Williams's summary-judgment evidence raises a fact question about the seriousness of Williams's injury because it reflects more than a de minimus injury. Smith is not entitled to summary judgment on Williams's use-of-force claim.

Assault

Smith also asked for summary-judgment on Williams's assault claim on the basis of official immunity. "Government employees [like Smith] are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority."[12] Smith contends he acted in good faith because he used force to restore order to the prison unit. Williams's summary-judgment evidence, however, raises a fact question about whether Smith needed to use force to restore order in the prison unit because Williams's earlier altercation with another prison official had ended when Smith took over escort duties. Williams's evidence shows that he was hand-cuffed and in leg restraints, and could not see, when Smith used force. Smith is not entitled to official

---

[8] *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

[9] *See* docket entry # 102, exh. C.

[10] Scleral hematoma: an effusion of blood around the outer layer of the wall of the eyeball.

[11] *See* docket entry # 99, exh. A.

[12] *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

3

immunity.

Smith also maintained that he was entitled to an affirmative defense under section 9.53 of the Texas Penal Code. Under that provision, an "officer . . . of a correctional facility is justified in using force against a person in custody when and to the degree the officer . . . reasonably believes the force is necessary to maintain the security of the correctional facility, the safety or security of other persons in custody or employed by the correctional facility, or his own safety or security."[13] Williams's summary-judgment evidence contradicts Smith's argument that he used force to restore order in the prison unit because Williams's summary-judgment evidence shows that Williams was hand-cuffed and in leg restraints, and could not see, when Smith used force. Smith is not entitled to the affirmative defense under section 9.53.

Having determined that fact issues exist for trial, I DENY Smith's motion for summary judgment (docket entry # 99). This case will proceed to trial on July 27, 2009.

**SIGNED** on May 6, 2009.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[13]Tex. Penal Code Ann. Code § 9.53 (Vernon 2003).